IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER SESSION, 1996

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9509-CR-00286 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM H. WILLIAMS |
| JIMMIE L. ALLEN, | ) | JUDGE |
| a/k/a JIMMIE L. ALEXANDER | ) | |
| Appellant. | ) | (Direct Appeal) |

**FILED**

April 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

MICHAEL J. GATLIN
P. O. Box 27331
Memphis, TN 38167-0331

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

WILLIAM L. GIBBONS
District Attorney General

REGINALD R. HENDERSON
Assistant District Attorney
201 Poplar Avenue
3rd Floor
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

Appellant Jimmie L. Allen appeals the trial court's denial of his petition for a placement in a community correction program. After a careful review of the record we find no reversible error and affirm the judgment of the trial court. Appellant was originally indicted for 14 counts of cocaine possession and sales allegedly occurring in August and September of 1994. Pursuant to a negotiated plea agreement Appellant pled guilty to a charge of solicitation to commit a felony and four charges of felony possession of more than .5 grams of cocaine. As part of the plea agreement Appellant accepted an effective sentence of nine years in the Department of Correction as a Range I standard offender. The issue of suspension of the sentence was submitted to the trial court. Appellant was denied a suspended sentence and requested in the alternative that he be placed on community corrections pursuant to Tenn. Code Ann. Sec. 40-36-101, et seq. The trial judge declined to place Appellant on community corrections and ordered him to serve his sentence in the penitentiary.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellant review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the

sentence, "even if we would have preferred a different result." <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. <u>State v. Holland</u>, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. <u>State v. Gregory</u>, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

At the time Appellant committed the offenses in this case he was on probation from a conviction for attempted aggravated robbery. He also had a previous theft conviction. Aggravated robbery by its very definition involves the use of a real weapon, a facsimile of a deadly weapon, or involves serious bodily injury to the victim. See. Tenn. Code Ann. Sec. 39-13-402. Tenn. Code Ann. Sec. 40-36-106(b) (1996 Supp.) provides:

> Offenders shall not be excluded from the program on the basis of prior convictions for nonviolent felony offenses, but may, at the discretion of the court and local community corrections advisory board, be excluded on the basis of prior convictions for felony offenses which would not meet the eligibility criteria provided in subsection (a).

Tenn. Code Ann. Sec. 40-36-106(a) excludes from community corrections eligibility individuals who are convicted of felonies involving weapons or violence.

Because of Appellant's previous involvement in an attempted aggravated robbery an argument can be made that he does not meet the minimum requirements for community corrections placement under the statutory provisions quoted above. However, the record is unclear as to the exact nature of

Appellant's involvement in the attempted aggravated robbery, and we are thus hesitant to base our decision on this point alone.

What is clear from the record is that Appellant was on probation from a conviction for his participation in the attempted robbery at the time he committed the offenses which are the subject of this appeal. Under these circumstances it was certainly appropriate for the trial judge to deny Appellant a placement in a community corrections program. As stated by Judge, now Chief Justice Adolpho A. Birch:

> It is exceptionally difficult for us to understand how an accused, already on probation, [when he commits another offense] considers himself entitled to yet a second grant of probation or another form of alternative punishment.

State v. James Moffit, C.C.A. No. 01-C-01-9010-CC-00252, Williamson Co., April 4, 1991, at p. 1.

The judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID H. WELLES, JUDGE